UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

J. RONALD HOLLAND, aka James R. Holland,

               Defendant.
-------------------------------------------------------------X

**ORDER**
19-cv-02456 (DG) (JMW)

**A P P E A R A N C E S**

**Bradley Sarnell**
U.S. Department of Justice, Tax Division
P.O. Box 55
Washington, DC 20044
*Attorneys for Plaintiff*

**J. Ronald Holland**
47 Old Neck Road S.
Center Moriches, New York 11934
*Pro se Defendant*

**WICKS,** Magistrate Judge:

In this action to collect unpaid tax liabilities, non-party David Risk ("Risk") moves pursuant to Fed. R. Civ. P. 17 to be appointed a "next friend," to *pro-se* Defendant J. Ronald Holland, aka James R. Holland ("Defendant" or "Holland"). After providing Risk with ample opportunity to provide documentation of Holland's need for the appointment of a "next friend," due to the lack of verifiable evidence of Holland's inability to defend himself in this action, Risk's motion is DENIED.

## **DISCUSSION**

The procedure for the appointment of a guardian *ad litem*[1] is governed by Rule 17(c)(2) of the Federal Rules of Civil Procedure, which provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

A court, however, only need to consider an application under Rule 17 upon the receipt of "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Chapman v. Ring's End, Inc.*, No. 3:17-CV-01084 (VAB), 2020 WL 3430350, at *4 (D. Conn. June 23, 2020) ("Where there is no verifiable evidence of a plaintiff's incapacity, the Court therefore is not required to consider whether Rule 17(c) applies"); *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) ("[T]the duty to appoint a guardian *ad litem*. . .is triggered by actual documentation or testimony of mental incompetency") (quotes omitted).

The Second Circuit has held that while there is nothing in Rule 17 that prevents a court from considering, *sua sponte*, the appropriateness of appointing a guardian *ad litem* for a litigant whose behavior raises a significant question regarding his or her mental competency, there is nothing in Rule 17 that *requires* a court to look into the necessity of appointing a guardian *ad litem* absent verifiable evidence of mental incapacity. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) ("Neither the language of Rule 17(c) nor the precedent of this

---

[1] Prior to the adoption of Rule 17(c), there was a distinction between the terms "next friend" and "guardian *ad litem*"; next friends were permitted to pursue actions on behalf of infants and incompetents, while guardians *ad litem* were permitted to defend infants and incompetents. *Bowen v. Rubin*, 213 F. Supp. 2d 220, 222 n. 5 (E.D.N.Y. 2001) (emphasis added). Since the functions of the two representatives were nearly identical, the terms are now used interchangeably. *Id.* (citing *von Bulow by Auersperg v. von Bulow*, 634 F. Supp. 1284, 1293 (S.D.N.Y. 1986) ("there is no substantial difference between a 'guardian *ad litem*' and a 'next friend.'"))

court or other circuits imposes upon district judges an obligation to inquire *sua sponte* into a *pro se* plaintiff's mental competence, even when the judge observes behavior that may suggest mental incapacity").

Verifiable evidence of mental incapacity may consist of "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent" or "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent" (*id.*; *see, e.g., Bowen v. Rubin*, 213 F. Supp. 2d 220, 223-24 (E.D.N.Y. 2001) (appointing guardians *ad litem* where plaintiffs submitted declarations from treating psychiatrists); *Blatch v. Franco*, No. 97 CIV. 3918 (DC), 1998 WL 265132, at *9 (S.D.N.Y. May 26, 1998) (appointing guardian *ad litem* where plaintiff's competency had been previously called into doubt in the legal system and Supreme Court had appointed a guardian *ad litem* in a separate proceeding); *Cannon v. Port Auth. of New York & New Jersey*, No. 15-CV-4579 (RA), 2017 WL 4084048, at *1 (S.D.N.Y. Sept. 13, 2017) (representation by guardian *ad litem* necessary where plaintiff's medical records document a long history of mental illness and there was a record of both a state hospital and state court looking into plaintiff's competency).

Despite being afforded ample opportunity to do so, Risk failed to present such verifiable evidence. Since the inception of this case, Risk—a non-attorney—has appeared and submitted documents on behalf of Holland who is claimed to be "severely disabled." (*See* DE 10, 1.) The Court has repeatedly explained to Risk that as a non-attorney, he is unable to appear on Holland's behalf (*see* Electronic Order, dated September 13, 2021) ("Despite the Court's repeated directives

3

on the record that Mr. Risk—who again is not an attorney—not appear on the Defendant's behalf (DE 26, 30). . ."), notwithstanding the Power of Attorney held by Risk on behalf of Holland.[2]

However, based on the Court's own observations of Holland at an in-person conference held on July 19, 2021, and the description of Holland's medical condition contained in various filings, on October 21, 2021, the Court scheduled a telephone conference solely for the purpose of discussing the prospect of the Court, *sua sponte,* recommending to the Honorable Diane Gujarati that she appoint Risk as *pro se* Defendant's "next friend". (*See* Electronic Order, dated October 21, 2021). On November 1, 2021, the Court held a telephone conference and explained to Risk that due to Holland's alleged medical limitations, it was considering appointing a representative for Holland. (*See* DE 41). But, in order to do so, the Court instructed Risk that it requires evidence on the record sufficient to find that guardian *ad litem* or "next friend" is needed. Risk indicated that he understood and that he would seek counsel from the Hofstra Law Clinic of the *Pro Se* Office to assist him with making a "next friend" application. And so, Risk was given his *first* opportunity to apply for "next friend" status with a deadline of November 15, 2021. (*Id.*) In the interim, the Court recommended Judge Gujarati to hold in abeyance Plaintiff's anticipated motion for summary judgment, pending resolution of the issue of Holland's competency and representation. (*Id.*)

Risk did not make a "next friend" application by November 15, 2021. But, on November 22, 2021, the Court gave Risk a *second* opportunity, extending the deadline to file to December 6, 2021 (*see* Electronic Order, dated November 22, 2021), and again recommending that Judge Gujarati hold Plaintiff's motion for summary judgment in abeyance. (*See* DE 43.)

---

[2] The Court explained to Risk during a status conference held on August 24, 2021, that the Power of Attorney (*see* DE 32) does not allow Risk to represent Holland in this case. Indeed, the Power of Attorney describes the authority granted under it, all of which concern the agent's power to handle the principal's property. *Id.* The Power of Attorney does not grant Risk the power to represent Holland in a court of law. *Id.*

4

Risk did not make a "next friend" application by December 6, 2021. Unable to find good reason to stall the case any longer, on December 7, 2021, the Court issued an order recommending Judge Gujarati now consider Plaintiff's pending motion for summary judgment and advising the parties that it will now consider a pending motion for sanctions filed by the Plaintiff.[3]

Over a month later, on January 10, 2022, Risk filed the instant—yet tardy—motion seeking "next friend" status. However, despite the Court's prior instruction that evidence demonstrating Holland's need for a guardian was required on the record, Risk merely submitted a one-page, self-authored letter providing a testimonial of his own caretaker duties. (*See* DE 47.) The Court then provided Risk with a *third* opportunity. On January 12, 2022, the Court issued an Order directing Risk to file under seal medical records evidencing Holland's inability to defend himself by February 11, 2022.

Risk did not submit medical records, as instructed. Instead, on February 14, 2022, Risk filed another self-authored letter describing Holland's infirmities and attaching a photo of Holland and a one page "After Visit Summary" from New York Presbyterian ("Visit Summary") which listed extremely limited information concerning a five-day hospitalization for a "complete heart block" and "fall" sustained by Holland. (*See* DE 49.)[4]

---

[3] On September 28, 2021, Plaintiff filed a letter motion seeking sanctions against Holland based on Holland's failure to respond to discovery. Specifically, on July 19, 2021, the Court ordered Plaintiff to propound interrogatories on Holland on or before August 19, 2021, and further ordered Holland to file a letter on or before August 19, 2021, advising the Court of the status of any documents he obtained to support his defenses. (*See* DE 26). Plaintiff asserts that despite Risk's confirmation that Holland received the interrogatories and continued opportunities for Holland to file the letter as ordered, Holland failed to respond to the interrogatories or file the ordered letter. (*See* DE 36.) The merits of Plaintiff's motion for sanctions are of no consequence to the Court's determination here and the Court will address the issues raised by Plaintiff in a separate order.

[4] Risk also referenced a letter filed by Norman M. Friedland, an attorney who *considered* representing Holland. (*See* DE 37). In a letter addressed to Risk, dated September 29, 2021, Mr. Friedland (who does not claim he is a medical professional) wrote that based on his interaction with Holland "over the course of approximately 2 hours," he did not believe Holland to be capable of assisting his in his defense in the above matter. *Id.* In these circumstances, an attorney's assessment of Holland during a two-hour visit does not constitute verifiable evidence of mental incapacity as required by this Court to grant Risk "next friend" status.

5

Clearly not having satisfied the Court's directive, the Court gave Risk a *fourth* opportunity. On February 22, 2022, the Court issued an Order stating that Risk's submission was insufficient and carefully instructing Risk to file "a sworn affidavit from one or more of [Holland's] treating physicians detailing why [Holland] is unable to defend himself in the present action" on or before March 18, 2022. (*See* Electronic Order, dated February 22, 2022.)

Risk did not file a sworn affidavit by a treating physician by March 18, 2022. And yet, the Court provided Risk with a *fifth* opportunity. On March 29, 2022, the Court issued an Order providing Risk "one final opportunity to file the affidavit(s) in support of his motion" on or before April 15, 2022, and cautioned Risk that his "failure to do so will result in a denial of his application for next friend status." (*See* Electronic Order, dated March 29, 2022.)[5]

Again, Risk did not file a sworn affidavit by a treating physician. Instead, on April 12, 2022, Risk submitted a simple, seven-sentence letter from Brian McNulty, MD, of Peconic Bay Medical Group, wherein Dr. McNulty averred that he has treated Holland for the past two years and that because of multiple health conditions Holland does not have the capacity to participate in any legal action. (*See* DE 52.)

Risk has had five months and five opportunities to produce verifiable evidence of Holland's need for an appointed representative but has failed to do so. While the Court is sympathetic to Risk's position and Holland's medical needs, Risk has failed to provide any actual documentation evidencing Holland's incompetency, such as (a) records from a mental health professional demonstrating Holland is being or has been treated for an illness of the type that would render him legally incompetent (*see Ferrelli*, 323 F.3d at 203); (b) medical records showing a history of mental illness (*see Cannon*, 2017 WL 4084048 at *1); or (c) documentation that another public

---

[5] Certain text was underlined and highlighted to emphasize its importance.

6

agency or court has called Holland's competency into question (*id.*; *Blatch*, 1998 WL 265132 at *9).

The documents submitted by Risk do not support a different finding. Risk filed self-authored letters providing a testimonial of his own caretaker duties and a personal account of Holland's condition. (*See* DE 47, 49.) While the Court is sensitive to the health issues described, a layman account of Holland's physical condition is insufficient evidence for the purposes of a "next friend" or guardian *ad litem* determination. Moreover, the Visit Summary submitted by Risk is also insufficient in that it merely provides dates Holland was hospitalized, his medical provider, the medications Holland is allergic to, and a list of follow-up visits Holland must attend. (*See* DE 49, Ex. 1.) Without more, the Court is unable to make a determination as to why a "complete heart bock" and "fall" prevents Holland from defending himself in this action. The same can be said about the letter from Dr. McNulty. (*See* DE 52). The Court was clear in instructing Risk to file a "sworn affidavit" from one or more of Holland's physicians detailing why Holland is in need of a "next friend" appointment. Dr. McNulty's letter simply falls short; it is not a sworn affidavit, it is not notarized, it contains no supporting medical records, or any other indicia of verability. Under these circumstances, Risk's motion to be appointed Holland's "next friend" is denied.

## CONCLUSION

For the foregoing reasons, the motion by Risk to be appointed "next friend" to Holland pursuant to Rule 17 is denied.

Dated: Central Islip, New York
      May 4, 2022

                                            **SO ORDERED:**

                                        /s/ *James M. Wicks*
                                         JAMES M. WICKS
                                     United States Magistrate Judge