UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

J. RONALD HOLLAND, a/k/a James R. Holland,

                Defendant.
-------------------------------------------------------------X

**ORDER**
19-cv-02456 (DG) (JMW)

**WICKS,** Magistrate Judge:

      This is an action brought by the United States of America ("Plaintiff" or "Government") to collect alleged unpaid federal tax liabilities in the amount of $1.9 million from *pro se* Defendant J. Ronald Holland, a/k/a James R. Holland ("Defendant" or "Holland"). Holland's partner, non-party David Risk ("Risk"),[1] although not a lawyer, has actively participated in the matter, often appearing along with Holland or on Holland's behalf in these proceedings due to Holland's medical issues. The Government recently received information that Holland passed away in May of 2022, and as such, requested a hearing to determine "whether Defendant J. Ronald Holland is alive." (DE 62.) Before the Court at this time is the Government's Suggestion of Death and request for a hearing. (DE 64.)

## I. BACKGROUND

      Beginning in November 2021, Risk began pursuing appointment as Holland's "next friend" pursuant to Federal Rule of Civil Procedure 17 and applicable New York law. However, after months and numerous opportunities to do so, Risk failed to provide any actual documentation

---

[1] Risk represented to the Court that he was Holland's spouse at the in-person conference held on July 19, 2021. (*See* DE 26.)

1

evidencing Holland's need for the appointment of a "next friend" and so, on May 4, 2022, the Court issued an Order denying the motion by Risk to be appointed "next friend" to Holland. (DE 53.) Rather than appeal, on May 23, 2022,[2] Risk wrote a letter to the Hon. Diane Gujarati notifying the Court that he is filing a complaint of judicial misconduct against the undersigned and requesting that this case be reassigned. (DE 54.) Holland passed away just days later on May 27, 2022. (*See* DE 64-1.) Risk did not notify the Court of his passing.

Risk's letter (DE 54) was construed as an application or motion to recuse. On July 22, 2022, the Court issued an order denying recusal but to the extent his letter sought reconsideration or renewal of the Court's decision to deny next-friend status, the Court granted reconsideration and Risk was directed to provide the Court with any additional evidence on or before July 22, 2022. (DE 55.) Further, because the Government's motion for summary judgment (DE 42) and motion for sanctions (DE 36) had been pending since September 28, 2021, and November 2, 2021, respectively, and remained unopposed, the Court provided Holland yet an *additional* opportunity to submit opposition to those motions. (*Id.*) Holland was directed to submit opposition, if any, on or before July 29, 2022 and, after that date, the Court would have considered both motions *sub judice*, awaiting decision.

On July 21, 2022, Risk filed a letter confirming he received the July 11 Order and requesting an extension of its deadlines. (DE 57.) Risk again made no mention of Holland's passing. On July 28, 2022, the Government filed a letter indicating it conferred with Mr. Risk on a briefing schedule for the next-friend motion. (DE 59.) Risk continued his silence of Holland's passing.

---

[2] Although Risk's letter was dated May 23, 2022, it was only received by the Court and uploaded to ECF on June 13, 2022. (*See* DE 54.)

On August 1, 2022, the Court held a telephone conference, at which both Risk and Holland failed to appear. (DE 60.) On August 28, 2022, Risk filed a letter supplementing his application to appointed as Holland's "next friend." (DE 63.) Risk concluded the letter by stating "I receive instructions by the Home-Care team as to how to continuing [sic] [Holland's] rehab protocols at home." (*Id.*) Risk made no mention of Holland's passing.

On September 2, 2022, the Government filed a letter informing the Court that it received information that Holland passed away in May 2022 and requested a hearing to determine "whether Defendant J. Ronald Holland is alive." (DE 62.) The Court promptly scheduled a hearing for September 19. (*See* Electronic Order, dated September 2, 2022.) At Risk's request to the Government, the parties sought an adjournment of the hearing (DE 66), which was rescheduled for September 20. (*See* Electronic Order, dated September 13, 2022.)

Five days later, on September 7, 2022, the Government filed a Suggestion of Death, formally suggesting upon the record, the death of Holland. (DE 64.) Enclosed within the Statement was a letter, dated September 2, 2022, from Odette R. Hall, M.D., Chief Medical Examiner the Suffolk County Medical Examiner's Office, attesting that Holland's body came into custody of the Medical Examiner's Office on or about May 29, 2022. (*Id.*) The Government further indicated it intended on proceeding with obtaining a judgment in this case. (*Id.*)

By letter dated September 14, 2022, received (and filed) by the Court on September 19, 2022 (DE 68), Risk advised the Court that he was not appearing at the scheduled hearing, since he was not considered a "party." (*Id.*) He again, was silent in that letter about Holland's death. The Court issued an Electronic Order that same day, again directing Risk to appear in light of his applications before the Court and provided Risk the opportunity to appear by telephone. (*See* Electronic Order, 09/19/2022.) The Government thereafter served that Order upon Risk. (DE 69).

On September 20, 2022, an in-person hearing was held, and the Government appeared, but Risk did not initially, but participated telephonically. At this hearing, Risk represented that Holland in fact died in May 2022.

## II.  DISCUSSION

Rule 25(a)(1) provides a mechanism for substituting a party in the event of a litigant's death. *See* Fed. R. Civ. P. 25(a)(1).[3] Rule 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

*Id*.

Under this rule, courts in this Circuit have permitted motions for substitution to be made by either party if (1) "the claim is not extinguished"; (2) the party substituted is a "proper party"; and (3) the motion for substitution is made "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1); *see, e.g.*, *Walsh v. Comm'r of Soc. Sec.*, No. 17-CV-5465 (WFK), 2022 WL 4079588, at *3 (E.D.N.Y. Sept. 6, 2022).

The federal law under which the action is commenced controls on the survival of the action. *See, e.g.*, *Allen ex rel. Allen v. Devine*, No. 09-CV-668 ADS ETB, 2011 WL 5117619, at *3 (E.D.N.Y. Oct. 25, 2011). "In the absence of a specific federal statutory directive, the question of survival of a claim is determined under federal common law." *Id.* (citing *U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,* 159 F.R.D. 389, 390 (E.D.N.Y. 1994). Under federal common

---

[3] "A motion to substitute parties is a nondispositive pretrial matter within the scope of [a Magistrate Judge's] authority under 28 U.S.C. § 636(b)(1)(A)." *Kumaran v. Nat'l Futures Ass'n*, 1:20-cv-03668, 1:20-cv-03871, 1:20-cv-03873 (GHW) (SDA), 2022 WL 1749133, at *1 n.1 (S.D.N.Y. May 31, 2022) (citation omitted).

4

law, "an action survives the death of a party if it is remedial and not penal in nature." *Lai Yoong Low v. Tian Yu Inc.*, No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015) (holding that a Fair Labor Standards Act action was not extinguished for Rule 25(a)(1) purposes because the action was remedial in nature) (further citation omitted).

Here, the action against Holland was commenced under 26 U.S.C. § 7401 for the collection of unpaid federal tax liabilities. Claims for unpaid tax liabilities such as this are not extinguished upon the death of the individual defendant. *See, e.g.*, *United States v. Buaiz*, No. 3:07-CV-83, 2010 WL 3517075, at *17 (E.D. Tenn. Sept. 3, 2010) (substituting deceased defendant's children, as successors in interest to certain property, as defendants in an action to collect unpaid tax liabilities). Accordingly, the Government's claim survives Holland's death, and the next step is for a party to move under Rule 25 to substitute a proper party.

A "proper party" for substitution under Rule 25(a)(1) is either (1) a successor of the deceased party — a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made; (2) a representative of the deceased party — a person lawfully designated by state authority to represent the deceased's estate; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated. *See Tankleff v. Cnty. of Suffolk*, No. 09-CV-1207(JS)(AYS), 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012).

Under New York law, a "representative" is a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's

5

estate. *Natale*, 287 F.R.D. at 137 (citing N.Y. EPTL § 1-2.13; *Allen ex rel. Allen v. Devine*, No. 09-CV-668 ADS ETB, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011)).[4]

Risk represented at the hearing that Holland in fact had a Will, but that it was an "old Will" that has not been probated. Risk stated that he believes he is the representative under the Will. Pursuant to Rule 25(a)(1), a party seeking substitution must move within 90 days of "service of a statement noting the death." *Worrell v. Colvin*, No. 1:12-CV-3386 ENV, 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013). Here, the September 7, 2022 Suggestion of Death (DE 64) starts that clock. The parties now have 90 days — until December 7, 2022 — to move for substitution, or the claims must be dismissed. Fed. R. Civ. P. 25(a)(1). Accordingly, the Government's anticipated motion for substitution must be made on or before December 7, 2022. In the interim, the motions for summary judgment (DE 42) and sanctions (DE 36) are held in abeyance until a "proper party" is substituted in place and instead of Holland.

Dated: Central Islip, New York
September 20, 2022

**S O   O R D E R E D:**

/S/ *James M. Wicks*

James M. Wicks
United States Magistrate Judge

---

[4] A person to whom letters of administration have been issued is known as an "administrator." N.Y. S.C.P.A. § 103(2). A person to whom letters testamentary have been issued is known as an "executor." N.Y. S.C.P.A. § 103(20).

6