| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        -against-<br><br>J. RONALD HOLLAND, a/k/a James R. Holland,<br><br>                Defendant.<br>-------------------------------------------------------------X | **FILED**<br>**CLERK**<br>March 20, 2023<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>REPORT AND<br>RECOMMENDATION<br>19-CV-02456 (DG) (JMW) |

**A P P E A R A N C E S**

**Bradley Sarnell**
U.S. Department of Justice, Tax Division
Po Box 55
Washington, DC 20044
*Attorneys for Plaintiff*

**J. Ronald Holland**
47 Old Neck Road S.
Center Moriches, New York 11934
*Pro se Defendant, Deceased*

**WICKS,** Magistrate Judge:

      This is an action brought by the United States of America ("Plaintiff" or "Government") to collect alleged unpaid tax liabilities from now-deceased Defendant J. Ronald Holland, a/k/a James R. Holland ("Defendant" or "Holland"), who appeared in the action *pro se*. On September 7, 2022, the Plaintiff filed a formal Suggestion of Death under Federal Rule of Civil Procedure ("FRCP") 25(a), notifying the Court that on May 27, 2022, Holland had died. (DE 64.) In the preceding months, Holland's medical condition was uniquely in the purview of the Court because non-party David Risk ("Risk"), although not a lawyer, had been actively participating in

1

the matter, often appearing along with Holland or on Holland's behalf, due to Holland's significant and deteriorating medical condition. Risk had made several attempts to be appointed as Hollands "next friend" under Rule 17. (*See* DE 55) (summarizing Risk's "next-friend" attempts.)

Before the Court, on referral from the Honorable Diane Gujarati, is Plaintiff's unopposed motion to substitute Risk "as Representative of the Estate of J. Ronald Holland, Deceased," as defendant. (DE 74.) For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be DENIED with leave to renew.

## I.    BACKGROUND

Plaintiff commenced this action against Holland on April 26, 2019, seeking to reduce to judgment unpaid federal income taxes in the amount of $1,949,057.22, plus statutory additions from and after April 8, 2019. (DE 1.) On September 2, 2022, the Plaintiff filed a letter informing the Court that it received information that Holland passed away in May 2022 and requested a hearing to determine "whether Defendant J. Ronald Holland is alive." (DE 62.) The Court promptly scheduled an in-person hearing for September 19, 2022, including notice to Risk to attend. (*See* Electronic Order, dated September 2, 2022.) At Risk's request, the hearing was adjourned to the following day, September 20, 2022. (*See* DE 66; Electronic Order, dated September 13, 2022.)

On September 7, 2022, the Plaintiff filed a Suggestion of Death pursuant to Rule 25(a), formally noticing upon the record, the death of Holland. (DE 64.) Enclosed within the notice was a letter, dated September 2, 2022, from Odette R. Hall, M.D., Chief Medical Examiner the Suffolk County Medical Examiner's Office, attesting that Holland's body came into custody of the Medical Examiner's Office on or about May 29, 2022. (*Id.*) The Plaintiff further indicated it intended on proceeding with obtaining a judgment in this case. (*Id.*)

By letter dated September 14, 2022, received and filed by the Court on September 19, 2022 (DE 68), Risk advised the Court that he was not appearing at the scheduled hearing, since he was not considered a "party." (*Id.*) He was silent in that letter as to Holland's death. The Court issued an Electronic Order that same day, again directing Risk to appear in light of his applications before the Court and provided Risk the opportunity to appear by telephone. (*See* Electronic Order, 09/19/2022.) The Plaintiff thereafter served that Order upon Risk. (DE 69.)

A hearing was held on September 20, 2022. (DE 70.) Due to Risk's failure to appear in-person, the Court placed a phone call to him and allowed him to appear by telephone. (*Id.*) Upon Risk's confirmation that Holland passed away, Plaintiff stated its intention to proceed with the action by filing a motion for substitution. (*Id.*) Subsequent to the Court's explanation of this procedure to Risk, he indicated that he is a representative of Holland's estate by virtue of a will and agreed to confer with Plaintiff's counsel to discuss the substitution of a proper party. (*Id.*)

On December 5, 2022, Plaintiff filed the instant Motion to Substitute. (DE 74-75.) In accordance with FRCP 4 and FRCP 25(a), the Court directed Plaintiff to serve the motion upon Risk along with a copy of the Suggestion of Death. (DE 75.) Plaintiff filed its status report regarding service of the documents, as well as the Certificate of Service, on January 3, 2023, thereby properly completing service. (DE 76-77.)

Risk has not filed a response.

## II.    DISCUSSION

FRCP 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Such a substitution must be made within 90 days of service of a statement noting the death. Fed. R. Civ. P. 25(a)(1). A "proper party" for substitution under Rule 25(a)(1) can be one of three categories of a person: 1) a successor of the

3

deceased party – a distribute of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, 2) a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate, or 3) the primary beneficiary of an unprobated intestate estate which need not be probated. *See Tankleff v. Cnty. Of Suffolk,* No. 09-C-1207(JS)(AYS), 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016); *Natale v. Country Ford Ltd.,* 287 F.R.D. 135, 137 (E.D.N.Y. 2012). Under New York law, a "representative" is a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate. *Natale,* 287 F.R.D. at 137 (citing N.Y. EPTL § 1-2.13; *Allen ex rel. Allen v. Devine*, No. 09-CV-668 ADS ETB, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011)).

    Rule 25(a) is a procedural rule and therefore federal courts must apply federal rules, rather than state law, in determining the procedure for substituting parties. *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Sager*, No. 19-CV-2229 (GRB) (ARL), 2022 WL 4392668, at *4 (E.D.N.Y. Sept. 23, 2022) (quoting *In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010). "As a result, a party substituted for a decedent under Rule 25 need not be formally appointed as the representative of the estate." *Id.* In the absence of an appointed representative, the Court should consider the facts and circumstances of each case to determine whether the substituted party will sufficiently prosecute or defend the action on the decedent's behalf. *Id.*

    Plaintiff contends that Risk is the "proper party" for substitution under Rule 25(a)(1) because Risk "upon information and belief," is either the designated executor of Holland, deceased, or is the *de facto* personal representative and/or successor in interest Holland. (DE 74-1.) Plaintiff contends that if Holland had a Will, Risk is a proper party because Risk is

purportedly the executor. (*Id.*) In the alternative, Plaintiff asserts that even if Holland did not create a Will, Risk is still a proper party because he has identified himself as Holland's spouse and "almost certainly has whatever property" Holland had an interesting at the time of his passing. (*Id.*)

Although the existence of a Will is not necessarily dispositive, a party moving to substitute must nonetheless reasonably establish that the proposed substituted party is an apparent beneficiary of the estate by conducting a diligent search. *See U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT*, 2022 WL 4392668 at *1, 4 (E.D.N.Y. Sept. 23, 2022) (finding decedents surviving children to be "proper parties" where plaintiff conducted an "exhaustive" and diligent search to ascertain defendant's heirs and distributees by reviewing public records, running skip trace searches, locating decedent's obituary, conducting a LexisNexis search, and online search, and interviewing decedent's heirs).

Here, Plaintiff has not presented sufficient evidence for this Court to deem that Risk is an appropriate substitution under any of the three categories. At the outset, whether Holland died intestate (without a Will), remains unknown. During the September 20, 2022 hearing, Risk indicated (although not under oath) that he is a representative of Holland's estate by virtue of a Will. (DE 70.) However, Plaintiff has not taken steps beyond attempting to call Risk by telephone, to confirm or deny the existence of a Will. Further, the nature of Risk's relationship with Holland, and whether this relationship establishes Risk as a successor of the estate, also remains unsettled. While Risk has identified himself as Holland's spouse, as Plaintiff suggests, Risk has only done so once out of the many conferences in this case. (*See* DE 26.) Even within all of Risk's filings in connection with his next-friend application, Risk did not state that he was Holland's spouse. Most salient here, Plaintiff has not taken any steps to confirm the relationship

5

whether Risk is, in fact, Holland's spouse. Furthermore, Risk filed no papers on the instant application, either confirming he is appropriate to serve in that capacity or opposing Plaintiff's application

Because Plaintiff has not taken sufficient steps to establish that Risk is a "proper party" for substitution under Rule 25(a), it is hereby respectfully recommended that Plaintiff's motion to substitute be denied.

### III.    CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Plaintiff's motion to substitute Defendant J. Ronald Holland with David Risk be DENIED with leave to renew on or before June 19, 2023. The undersigned further recommends that the Court extend the time within which a party may file a motion for substitution up to and including that date. *See Kernisant v. City of New York*, 225 F.R.D. 422, 427 (E.D.N.Y. 2005) ("[t]he Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b)").

### OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Plaintiff. Plaintiff is directed serve one copy of this Report and Recommendation on David Risk on or before March 22, 2023, file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report

and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision") (citation omitted); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
        March 20, 2023

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge