FILED
CLERK
May 18, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

J. RONALD HOLLAND, aka James R. Holland,

                Defendant.
-------------------------------------------------------------X

**ORDER**
19-cv-02456 (DG) (JMW)

**WICKS,** Magistrate Judge:

Rule 45 of the Federal Rules of Civil Procedure requires "delivering a copy" of the subpoena to the non-party. Courts have grappled with whether that means *personal* delivery service and if so, whether alternate means of service can be ordered. The question presented here – where Plaintiff has been unable to successfully personally serve the non-party – is whether alternate service by mail is appropriate under the circumstances.

Plaintiff commenced this action to collect alleged unpaid tax liabilities from Defendant J. Ronald Holland, aka James R. Holland ("Defendant" or "Holland"), who is now deceased.[1] Specifically, the United States commenced this action on April 26, 2019 to collect unpaid individual tax liabilities of Holland for tax years 1983 and 1984 in the total amount of $1,949,057.22. (DE 1.)

Holland's partner, non-party David Risk ("Risk"), although not a lawyer, had been informally appearing on Holland's behalf in these proceedings (*see, e.g.,* DE 10 (letter); 26 (status conference); 30 (status conference); 32 (letter); 33 (letter); 39 (letter); 41 (status conference); 47

---

[1] Holland passed away in May 2022 (DE 64).

(letter); 52 (letter); 54 (recusal motion); 57 (letter); 60 (conference); 63 (letter)[2]; 68 (letter); 70 (hearing conference); and 82 (letter). Following the filing of a suggestion of death by Plaintiff (DE 64), Plaintiff moved to substitute Mr. Risk in place of decedent Mr. Holland (DE 74). The motion to substitute was thereafter denied, with leave to renew (*see* DE 78 (Report & Recommendation) and Electronic Order dated 4/10/2023 (adopting Report & Recommendation)). In the interim, Plaintiff moved to reopen discovery (DE 81) which was granted to permit discovery on the issues of the relationship between Risk and Holland, and whether Holland died intestate or had a Will (Electronic Order dated 4/30/2023). The discovery period was thus reopened to June 19, 2023 (*id.*).

Plaintiff now seeks to depose Risk on the foregoing issues. Service of the deposition subpoena has been attempted but failed. Plaintiff now seeks leave for alternate service of process of the subpoena. (DE 83.)

## DISCUSSION

Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena requires delivering a copy to the named person. . ." Fed. R. Civ. P. 45(b)(1). However, the term "delivering" is undefined and has been a source of debate. *See id.*; *Ramchandani v. CitiBank Nat'l Ass'n*, No. 1:19-CV-09124 (VM)(SDA), 2022 WL 2960190, at *3 (S.D.N.Y. July 25, 2022). Rule 45 does not explicitly mandate personal service and Courts in this Circuit have permitted alternative means of service after the subpoenaing party has made diligent attempts to effectuate personal service. *In re Bayerische Motoren Werke AG*, No. 22 MC 115 (VB), 2022

---

[2] The letter filed by Mr. Risk on September 1, 2022 never mentioned that Defendant Holland had died many months before (DE 63). Indeed, Mr. Holland's passing was first raised by *Plaintiff* in a letter filed September 2, 2022 (DE 62), only after learning that Mr. Holland passed away in May of 2022.

2

WL 2817215, at *3 (S.D.N.Y. July 19, 2022); *Ramchandani*, 2022 WL 2960190, at *3; *Kenyon v. Simon & Schuster, Inc.,* No. 16 Misc. 327 (P1), 2016 U.S. Dist. LEXIS 140917, at *8-9 (S.D.N.Y. Oct. 11, 2016).  Indeed, "delivery" under Rule 45 is taken to mean a manner of service "reasonably designed to ensure actual receipt" of a subpoena.  *Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507 (RRM) (RER), 2010 WL 2346283, at *3 (E.D.N.Y. Apr. 21, 2010), *report and recommendation adopted*, No. 09-CV-2507 (RRM)(RER), 2010 WL 2346276 (E.D.N.Y. June 8, 2010).  This may include service by certified mail (*see, e.g., Ramchandani*, 2022 WL 2960190, at *4), delivery to a related neighbor and emails to attorneys (*see, e.g., In re Bayerische Motoren Werke AG*, No. 22 MC 115 (VB), 2022 WL 2817215, at *3 (S.D.N.Y. July 19, 2022), delivery to office security personnel followed by service by mail (*see, e.g., In re Polygon Glob. Partners LLP*, No. 21 MISC. 364 (ER), 2021 WL 2117397, at *6 (S.D.N.Y. May 25, 2021), and even affixing a copy to the subpoenaed party's door and further mailing a copy (*see, e.g.*, *Beare v. Millington*, No. 07-CV-3391 (ERK)(MDG), 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010)).

Here, there can be no doubt that Plaintiff has made several diligent attempts to serve the deposition subpoena on Mr. Risk.  In support of its motion, Plaintiff submits an affidavit of Michael Kuhner, the process server who attempted to serve Mr. Risk at his home located at 47 Old Neck Road South, Center Moriches, New York ("Risk Residence").[3]  (DE 83-1.)  The process server attests that he attempted to personally serve the subpoena on Mr. Risk on three different days at varying times as follows:

1. on May 5, 2023, at approximately 8:03 a.m. at the Risk Residence;

2. on May 6, 2023, at appropriately 11:20 a.m. at the Risk Residence; *and again,*

---

[3] Mr. Risk has used the Risk Residence address (and none other) on every correspondence he has filed with the Court. *See* DE 32, 33, 37, 39, 47, 49, 52, 54, 57, 63, 68 and 82.

3

   3. on May 10, 2023, at approximately 1:01 p.m. at the Risk Residence.

(*See* DE 83-1.)[4]

According to Plaintiff:

> Nobody answered the door during the first or third attempts, though in both cases there was a pickup truck in the driveway with Michigan license plate CNG 2322. *Id.* During the second attempt, the process server spoke to a person who identified himself as "Richard Risk," who informed the process server that David Risk was rehabbing from long Covid and would not be back for a week or two. *Id*. A search of public records reveals that there is no Richard Risk related to David Risk and that same search revealed that the truck in the driveway of the house is registered to David Risk. *See* Exhibit B.

DE 83 at 1; *see also* DE 83-2 (LexisNexis Report dated 5/12/2023).

Plaintiff now requests the Court to permit service of the subpoena upon Mr. Risk by posting a copy on the door to his residence, followed by sending a copy by first-class U.S. mail, and then supplementing that service with sending a copy by certified mail.

Courts within this Circuit tend to favor alternative service by certified mail return receipt requested, rather than overnight mail, as valid alternate service. *See, e.g., Ramchandani*, 2022 WL 2960190 at *4 (motion for alternate service granted to permit service of subpoena by certified mail); *Beare v. Millington*, No. 07-CV-3391(ERK)(MDG), 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (service was properly effectuated by affixing a copy to subpoenaed party's door and mailing by certified mail); *Ultradent Prod., Inc. v. Hayman*, No. M8-85 (RPP), 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002) (service of subpoena by certified mail return receipt requested was valid); *JPMorgan Chase Bank, N.A. v. IDW Grp.*, LLC, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (authorizing service by

---

[4] Plaintiff further notes that Mr. Risk is no stranger to evading service of process as he refused to answer the door for the process server when service of the original motion to substitute him as a party was attempted. (*See* DE 83 at 2.)  According to Plaintiff, the service of a previous subpoena *duces tecum* required a "stake out" until Mr. Risk was served.  (*Id.*)

4

certified mail after multiple attempts at personal delivery).  In light of the foregoing, the Court finds that service on Mr. Risk by posting a copy of the deposition subpoena at the Risk Residence, as well as mailing a copy of the subpoena to him *both* by first-class mail and by certified mail return receipt requested, constitutes sufficient alternative service.

## **CONCLUSION**

Plaintiff's motion to serve non-party David Risk with a deposition subpoena via alternative means is granted and service shall be made as follows:

1) By posting a copy of the deposition subpoena and a copy of this Order upon the door of the Risk Residence; and

2) By mailing a copy of the deposition subpoena and a copy of this Order to the Risk Residence by first-class mail; and

3) By mailing a copy of the deposition subpoena and a copy of this Order to the Risk Residence by certified mail, return receipt requested.

Plaintiff shall thereafter file proof of service with the Court.

Dated:  Central Islip, New York
         May 18, 2023

**S O  O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5