**FILED**
**CLERK**

July 9, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

                        Plaintiff,

                -against-

J. RONALD HOLLAND, aka James R.
Holland,

                     Defendant.
-----------------------------------------------------------X

**ORDER**

19-cv-02456 (DG) (JMW)

**A P P E A R A N C E S:**

Bradley Sarnell, Esq.
**U.S. Department of Justice, Tax Division**
Po Box 55
Washington, DC 20044
*Attorney for Plaintiff*

David Risk
47 Old Neck Road S
Center Moriches, New York 11934
*Non-Party, pro se*

**WICKS,** Magistrate Judge:

      Plaintiff commenced this action to collect alleged unpaid tax liabilities from Defendant J.

Ronald Holland, aka James R. Holland ("Defendant" or "Holland"), who is now deceased.[1]

Specifically, Plaintiff commenced this action on April 26, 2019 to collect unpaid individual tax

liabilities of Holland for tax years 1983 and 1984 amounting to $1,949,057.22.  (DE 1.)

      Holland's former partner, non-party David Risk ("Risk"), although not a lawyer, had

been informally appearing on Holland's behalf in these proceedings (*see, e.g.,* DE 10 (letter); 26

---

[1] Holland passed away in May 2022 (DE 64).

(status conference); 30 (status conference); 32 (letter); 33 (letter); 39 (letter); 41 (status

conference); 47 (letter); 52 (letter); 54 (recusal motion); 57 (motion for extension of time); 60

(conference); 63 (letter); 68 (letter); 70 (hearing conference); and 82 (letter).  Following the

filing of a suggestion of death by Plaintiff (DE 64), Plaintiff moved to substitute Risk in place of

decedent Holland (DE 74).  The motion to substitute was thereafter denied, with leave to renew

(*see* DE 78 (Report & Recommendation) and Electronic Order dated Apr. 10, 2023 (adopting

Report & Recommendation)).  In the interim, Plaintiff moved to reopen discovery (DE 81) which

was granted until June 19, 2023, to permit discovery on the issues of the relationship between

Risk and Holland, and whether Holland died intestate or had a will (Electronic Order dated Apr.

30, 2023).

Plaintiff seeks to depose Risk on the foregoing issues.  The undersigned granted

Plaintiff's motion which sought leave for alternative service of process of the subpoena and

allowed the United States to post a copy of the subpoena on Risk's residence and mail him

copies of the subpoena via first-class and certified mail.  (DE 83; DE 84.)  Since then, Plaintiff

provided a status report notifying the Court that Risk has not responded to the deposition

subpoena which was served on May 18, 2023.  (DE 86.)  Plaintiff further requested that if Risk

failed to appear at the deposition scheduled for June 1, 2023, the Court hold him in contempt and

further order him to appear at a re-scheduled deposition and pay costs due to Plaintiff because of

this non-appearance.  (*Id*.)

On May 30, 2023, Risk requested a 90-day adjournment of the June 1 deposition due to

his exacerbated symptoms from long Covid.  (DE 87.)  Plaintiff opposed Risk's request, stating

that it expected to take Risk's deposition on June 1, 2023.  (DE 88.)  Risk submitted

documentation of medical records demonstrating his battle with long Covid, and receipts

showing he was at the doctor's office on June 1, 2023, the day of the scheduled deposition.  (DE 89.)  Plaintiff filed a motion for leave to file a sur-reply, which the Court granted.  (DE 95; electronic order dated June 15, 2023.)  In its sur-reply, the United States emphasized the ambiguity of Risk's medical documentation, which does not clearly indicate whether he could in fact sit for a deposition, what medical services he receives, the symptoms he experiences, and the status of his condition.  (DE 98 at 1.)

Judge Gujarati ordered Plaintiff to file a status letter on June 6, 2023.  (Electronic Order dated June 5, 2023.)  Plaintiff filed a status report stating that Risk wholly failed to appear at the deposition on June 1, 2023 despite the United States' numerous attempts to contact him.  (DE 90.)  The United States further outlined its intent to (1) file a motion to compel Risk's attendance at a deposition on a future deposition and for the undersigned to order Risk to show cause why he should not be held in contempt and pay costs owed to Plaintiff for attending the deposition; and (2) file a motion to extend the discovery deadline and allow the United States more time to file its motion to substitute the defendant.  (*Id*. at 2.)

Before the Court is Plaintiff's motion to compel and for an extension of time of the discovery deadline.  (DE 92-93.)  Risk was served with the motion papers (*see* DE 94) and was afforded the opportunity to file his opposition by June 23, 2023, but he failed to do so.  (*See* Electronic Order dated June 7, 2023; DE 96-97.)  However, Risk did file a letter to the Court on June 20, 2023 (dated June 17, 2023), stating that he attended a doctor's appointment for long Covid on June 1, 2023.  (DE 96 at 1.)  He further states that this illness has placed him in a "weakened condition," in which he is exhibiting various symptoms including loss of appetite and reduced vision; he also notes that he must receive weekly oxygen therapy throughout the foreseeable future.  (*Id*.; DE 96-1 at 2.)  Risk filed another letter on June 26, 2023 (dated June 21,

2023), this time seeking clarification of his opportunity to respond to DE 92 and 93 and alleging that he never received copies of the motions; and purports to not understand the court's prior order.  (DE 97.)  It is against this procedural backdrop that the motion is considered.

## DISCUSSION

### A. Motion to Compel

Plaintiff argues that it attempted to contact Risk on June 1, 2023, the previously scheduled deposition date, a half-dozen times via telephone but to no avail.  (DE 92.)  It asserts that it has made several efforts to confer with Risk to resolve the dispute, but Risk has not been amenable to such contacts. [2]  (*Id.*)

Rule 45 allows an attorney to issue and sign a subpoena.  Fed R. Civ. P. 45(a)(3).  Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served."  *Freund v. Weinstein*, No. 08-cv-1469 (FB)(MDG), 2009 U.S. Dist. LEXIS 109387, at *2 (E.D.N.Y. 2009).

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement."  *Warnke v. CVS Corp*., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted).  As such, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted).  However, once relevance is

---

[2] Local Civil Rule 37.3 provides that parties must make a good faith effort to resolve the dispute, but if they cannot, they must write to the court via letter describing the nature of the issue.  Local Civ. R. 37.3.  The undersigned finds that Plaintiff has complied with this rule as it has tried many times to make Risk appear.

demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is over-broad, duplicative, or unduly burdensome." *Id*. (citation omitted).

As an initial matter, there is no doubt that the subpoenas were served in compliance with the Federal Rules and this Court's Order. Upon receiving the Court's Order stating that it could serve the deposition subpoena via alternative means (DE 84), the United States took swift action to serve Risk a copy of the deposition subpoena and the Court's Order on the *same day* the Court issued its Order. (DE 86.) It complied with the Court's Order by posting a copy of the documents to Risk's door, mailing a copy to his residence via first-class mail, and doing the same via certified mail. *Id*.; *see also Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.,* No. 22-CV-2893 (GRB) (JMW), 2023 WL 2771638, at *2 (E.D.N.Y. Apr. 3, 2023) (discussing service of the subpoena before reviewing relevance and non-party's non-compliance with the subpoena). Thus, there was no delay on Plaintiff's part and Risk had ample notice of the scheduled deposition.

Further, the information sought in this deposition is relevant. Plaintiff seeks information from Risk regarding his relationship with Holland and whether or not Holland had a will. (DE 99 at 2.) Such information would reveal whether Risk is the proper party to substitute for Holland and whether further discovery is required. (*Id.*) Indeed, it was Risk himself who sought to be substituted under Rule 17 as "next friend" of Holland earlier in the litigation. (*See* DE 47; DE 52; DE 63.) In his recent filings, Risk has not objected to the subpoena's breadth or scope. Accordingly, Plaintiff has met its burden in demonstrating relevance.

The undersigned hereby grants Plaintiff's motion to compel the deposition of Risk. Under the circumstances, this deposition is necessary since it is likely to provide Plaintiff with information as to whether Risk is the correct person to substitute for Holland pursuant to Fed. R.

Civ. P. 25. *See Jalayer v. Stigliano*, No. 10-CV-2285 (LDH) (AKT), 2016 WL 5477600, at *4 (E.D.N.Y. Sept. 29, 2016) (granting defendant's motion to compel the non-party's deposition where (1) the subpoena was properly served, (2) the information sought in the deposition was relevant and material, and (3) movant made a good faith effort to communicate with the non-party); *Gov't Emps. Ins. Co.*, 2023 WL 2771638, at *2 (granting plaintiffs' motion to compel where non-party failed to offer an adequate excuse for non-compliance); *Freund v. Weinstein*, No. 08-CV-1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) (enforcing valid non-party subpoena where party seeking enforcement made multiple attempts to secure compliance and non-party did not proffer reasons to justify non-compliance); *Beruashvili v. Hobart Corp.*, No. 2005-CV-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (same).

### B. Contempt

Plaintiff seeks to hold Risk in contempt for his violation of prior orders and failure to appear for the court-ordered deposition. Plaintiff seeks reimbursement for its travel costs and court reporter fees since Risk failed to attend the June 1 deposition. (DE 92 at 1.)

"[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Therefore, "absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili*, 2006 WL 2289199, at *1 (citing Rule 45(e), which is now Rule 45(g) as of the 2013 amendment).

However, before a court can hold an individual in contempt, that person must have received notice as well as an opportunity to be heard. *Sterling Nat'l. Bank v. A–1 Hotels Int'l,*

*Inc.*, No. 00–CV–7352, 2004 WL 1418201, at *2 (S.D.N.Y. June 23, 2004).  Orders of contempt are typically initiated by an "order to show cause" or an order to comply which can be considered contempt if the party fails to obey without justification.  *See* Fed. R. Civ. P. 45(g) advisory committee notes.  At these "show cause hearings" non-parties are required to physically appear before the court and explain why they should not be held in contempt and further sanctioned for their failure to appear at a scheduled deposition.  *Russell v. Aid to Developmentally Disabled, Inc.*, 2016 WL 11735375, at *3 (E.D.N.Y. June 14, 2016).

Plaintiff points to *Baez v. City of Schenectady*, No. 116-cv-853 (FJS) (DJS), 2017 WL 499046, at *3-4 (N.D.N.Y. Nov. 1, 2017), in which the court set a show cause hearing where the non-party witnesses failed to appear at a deposition.  It requests that the Court set a show cause hearing, like the court in *Baez* did.  Even if Risk appears for the deposition though, Plaintiff seeks a hearing to determine whether Risk is in contempt and whether he should be ordered to reimburse Plaintiff's travel costs.  (DE 92 at 3.)

Risk's letters to the Court are unavailing.  (DE 96-97.)  He first states he had a long-standing medical appointment for long Covid on June 1, 2023, which explains his non-appearance at the deposition.  (DE 96.)  However, if it was previously scheduled, he could have notified the Court of this scheduling conflict, or, as Plaintiff states, rescheduled the appointment.  Instead, he simply ignored the subpoena.  Had Risk notified the Court or even Plaintiff of his anticipated non-appearance, Plaintiff would not have incurred the costs.  Thus, Risk has failed to put forth an "adequate excuse" justifying his evasion of the subpoena.  *See Jalayer*, 2016 WL 5477600, at *4 (finding no adequate excuse for non-party's failure to comply with the subpoena and issuing an order to show cause mandating the non-party to explain why he should not be held in contempt).

Further, Plaintiff sent Risk a copy of the Order detailing Risk's opportunity to respond to DE 92 and DE 93 on June 7, 2023.  (DE 94.) [3]   However, Risk did not seek clarification from the Court until well after the deadline on June 21, 2023, with letter filed June 26, 2023.

Finally, as Plaintiff notes, Risk would be sitting, not standing, for the deposition and there is nothing in his filings demonstrating that he is medically unfit to participate in the deposition, particularly since he has been appearing on Holland's behalf since July 2022, the time he had allegedly been seeing a doctor for long Covid.  (DE 98 at 1; *see* DE 70.)  In the event accommodations need to be made to facilitate Risk's deposition, Plaintiff and Risk are directed to confer.

However, despite the evidence of non-compliance – and perhaps even the inference of evasion -- the Court finds that ordering Risk to a show cause proceeding is "too drastic" under the circumstances.  *See Katz v. Mezzi Marketing, LLC*, No. 18-MC-2122 (NGG), 2018 WL 4087923, at *3 (E.D.N.Y. Aug. 27, 2018) (noting that courts must first order compliance with a subpoena before ordering contempt sanctions on a party); *Gov't Emps. Ins. Co.*, 2023 WL 2771638, at *2 (first ordering compliance with the subpoena and then warning non-party that failure to adhere to this order could subject him to a contempt proceeding).  Indeed, even when non-parties fail to heed court orders to appear, courts are *still* reluctant to order contempt hearings.[4]  *See In Re Application of the Kingdom of Morocco*, No. M8-85, 2009 WL 1059786, at *2 (S.D.N.Y. Apr. 16, 2009) (ordering party to comply with subpoena and declining to issue an

---

[3] These documents were also served upon Risk at his residence the *same day* the Court ordered Plaintiff to do so.  (DE 94.)

[4] Courts have given pro se non-parties the same cautionary warning as any other non-party—if the non-party fails to comply with a deposition subpoena, he may be subject to sanctions, including payment of the subpoenaing party's expenses and a recommendation that the non-party can be found in contempt. *See Strategic Delivery Solutions, LLC v. Stallion Express, LLC*, Nos. 19-MC-0012 (GTS/DEP), 18-CV-8779 (D.N.J.), 2019 WL 1760084, at *1 (N.D.N.Y. Apr. 22, 2019).

order to show cause and contempt although court previously ordered non-party to appear and show cause because he failed to respond to two subpoenas).

Yet another factor mitigating against a recommendation of contempt for Risk is that on May 30, 2023, Plaintiff advised the Court of Risk's non-responsiveness to the alternative service of the deposition subpoena.  (DE 86.)  Following that status report, Risk requested a 90-day adjournment of the June 1 deposition and Plaintiff filed its opposition papers.  (DE 87 and 88.) Judge Gujarati had not yet issued an order deciding on the adjournment, but instead required Plaintiff to file a status report by June 6.  (*See* Electronic Order dated June 5, 2023.) Nevertheless, Plaintiff operated under the assumption that Risk would still appear, accruing travel costs of $589.63 and arranging for a court reporter costing $150, and now expects Risk to pay for such damages.  In hindsight, Plaintiff could have awaited Court decision directing Risk to appear at the deposition before voluntarily incurring these expenses.

Accordingly, the Court hereby orders and directs Risk to comply with Plaintiff's deposition subpoena.  If Risk fails or refuses to comply with this Court's Order and does not appear at the next scheduled deposition, he is forewarned that he will be required to show cause as to why he should not be held in contempt of court.  The Court thus denies Plaintiff's request for the Court to order Risk to show cause, without prejudice.

### C.  Motion for Extension of Time to Complete Discovery and File Motion Pursuant to Fed. R. Civ. P. 25

Finally, Plaintiff requests (1) an extension of time to file its motion to substitute someone to replace Holland as the defendant in this case and (2) an extension of discovery to close on August 20, 2023.  (DE 93 at 1.)

A court may extend the deadline to file a motion to substitute if good cause is shown pursuant to Rule 6(b). Fed. R. Civ. P. 25(a)(1).  Rule 6(b) "is a rule of general application giving discretion to the trial court to enlarge time limits whether before or after they have expired." *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (citing *Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988) ("The granting or denial of a motion to extend time . . . lies within the discretion of the district court.").  "Because this Court may exercise its discretion under Rule 6(b)(1) only for 'cause shown,' a party must demonstrate some justification for the issuance of the enlargement order." *Kernisant*, 225 F.R.D. at 431.  If a motion to extend is made after the relevant time period has expired, the moving party must show "excusable neglect."  Fed. R. Civ. P. 6(b).

Based upon the procedural circumstances of the case, Plaintiff's request for an extension of time of the discovery deadline is granted.  The deadline is extended to and including September 29, 2023.

## **CONCLUSION**

For the reason stated above, Plaintiff's motion to compel Risk's attendance at the deposition and for an extension of the discovery deadline is GRANTED. (DE 92 and 93.) Plaintiff is directed to serve Risk with a copy of this order on or before July 14, 2023 and shall file proof of service immediately following service.  The discovery deadline is hereby extended to and including September 29, 2023.

Dated:  Central Islip, New York
        July 9, 2023

S O  O R D E R E D:

/s/ *James M. Wicks*
        JAMES M. WICKS
        United States Magistrate Judge

10