UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

-against-

J. RONALD HOLLAND, aka James R. Holland,

        Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

19-cv-02456 (DG) (JMW)

**A P P E A R A N C E S:**

Bradley Sarnell, Esq.
**U.S. Department of Justice, Tax Division**
Po Box 55
Washington, DC 20044
*Attorney for Plaintiff*

David Risk
47 Old Neck Road S.
Center Moriches, New York 11934
*Non-Party, pro se*

**WICKS,** Magistrate Judge:

    Plaintiff, U.S. Department of Justice, Tax Division, moves for an order to show cause to (1) hold non-party David Risk ("Risk") in contempt for his failure to comply with this Court's July 9, 2023 Order and subpoena for testimony and documents and (2) demonstrate why he should not be ordered to reimburse the United States for costs and fees associated with the unsuccessful deposition. (ECF No. 105.) Risk is Defendant J. Ronald Holland's ("Defendant" or "Holland") partner who has appeared on Holland's behalf in Court several times. Plaintiff seeks

relevant testimony from Risk to determine the extent of Risk and Holland's relationship and whether Holland had a will.  (*See* Electronic Order dated Apr. 30, 2023).  This information could ultimately determine whether Risk should be substituted in place of Holland, who is now deceased,[1] as the defendant for this matter.

In accordance with 28 U.S.C. § 636(e),[2] the following facts constituting Risk's contempt are hereby certified and it is respectfully recommended to the Honorable Diane Gujarati that Risk be ordered to demonstrate good cause in writing by a date convenient to the Court as to why he should not be held in contempt.

## LEGAL STANDARD FOR CONTEMPT

Under Federal Rule of Civil Procedure 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  Rule 45 applies to non-parties.  *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20-CV-1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *report and recommendation adopted sub nom.*, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021).  Indeed, the court has the power to hold a non-party in contempt simply based on the failure to comply with a subpoena.  *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008).

---

[1] Holland passed away in May 2022 (ECF No. 64).

[2] The scope of a Magistrate Judge's authority to rule on a motion to contempt is limited to certain circumstances, namely, (1) when the parties consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c) and (2) in misdemeanor proceedings under 18 U.S.C. § 3401. *See* 28 U.S.C. § 636(e)(4). In all other cases, on a motion for civil contempt, a Magistrate Judge must certify facts relevant to the issue of civil contempt to the District Judge and may order the person to appear before the district judge to show cause why they should not be held in contempt. *Giuliano v. N.B. Marble Granite*, No. 11-MD-00753 (JG) (VMS), 2014 WL 2805100, at *1 (E.D.N.Y. June 20, 2014) (citing 28 U.S.C. § 636(e)(6)(B)(iii)).

"There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is clear and unambiguous; 2) the proof of non-compliance with that order must be clear and convincing; and 3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Schmidt v. Stone*, No. 14-CV-2519 (RJD) (CLP), 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019) (internal quotations and citations omitted). Due process requires that a person receive notice and an opportunity to be heard before imposing sanctions for civil contempt. *Sanchez v. Pathmark Stores*, No. 04-cv-1159, 2009 WL 398103, at *1 (S.D.N.Y. Feb. 17, 2009).

## **CERTIFIED FACTS**

The Court certifies that a *prima facie* case for contempt against Risk has been established. Plaintiff commenced this action on April 26, 2019 to collect alleged unpaid tax liabilities from Defendant. Specifically, Plaintiff sued Holland to collect unpaid individual tax liabilities of Holland for tax years 1983 and 1984 amounting to $1,949,057.22. (ECF No. 1.)

Risk, although not a lawyer, had been informally appearing on Holland's behalf in these proceedings (*see, e.g.,* ECF No. 10 (letter); 26 (status conference); 30 (status conference); 32 (letter); 33 (letter); 39 (letter); 41 (status conference); 47 (letter); 52 (letter); 54 (recusal motion); 57 (motion for extension of time); 60 (conference); 63 (letter); 68 (letter); and 70 (hearing conference). Plaintiff moved to substitute Risk in place of decedent Holland (ECF No. 74). The motion to substitute was denied, with leave to renew (*see* ECF No. 78 (Report & Recommendation) and Electronic Order dated Apr. 10, 2023 (adopting Report & Recommendation)). In the interim, Plaintiff moved to reopen discovery (ECF No. 81) which was granted until June 19, 2023, to permit discovery on the issues of the relationship between

3

Risk and Holland, and whether Holland died intestate or had a will (Electronic Order dated Apr. 30, 2023).

Plaintiff seeks to depose Risk on the foregoing issues. However, Plaintiff has found it impossible to commence, let alone complete, the deposition despite having scheduled it months ago and several times. The protracted history is set forth below.

On May 18, 2023, the undersigned granted Plaintiff's motion which sought leave for alternative service of process of the subpoena and allowed the United States to post a copy of the subpoena on Risk's residence and mail him copies of the subpoena via first-class and certified mail. (ECF Nos. 83 and 84.) Since then, Plaintiff provided a status report notifying the Court that Risk has not responded to the deposition subpoena which was served on May 18, 2023. (ECF No. 86.) Plaintiff further requested that if Risk failed to appear at the deposition scheduled for June 1, 2023, the Court hold him in contempt and further order him to appear at a re-scheduled deposition and pay costs due to Plaintiff because of this non-appearance. (*Id.*)

On May 30, 2023, Risk – while acknowledging the deposition scheduled – requested a 90-day adjournment of the June 1 deposition due to his exacerbated symptoms from long Covid. (ECF No. 87.) Plaintiff opposed Risk's request, stating that it expected to take Risk's deposition on June 1, 2023. (ECF No. 88.)

Plaintiff filed a status report stating that Risk wholly failed to appear at the deposition on June 1, 2023 despite Plaintiff's numerous attempts to contact him. (ECF No. 90.) Plaintiff has since filed (1) a motion to compel Risk's attendance at a deposition and for the undersigned to order Risk to show cause why he should not be held in contempt and pay costs owed to Plaintiff for attending the deposition; and (2) a motion to extend the discovery deadline and allow the United States more time to file its motion to substitute the defendant. (ECF Nos. 92 and 93.)

4

Risk was served with the motion papers (*see* ECF No. 94) and was afforded the opportunity to file his opposition by June 23, 2023, but he failed to do so. (*See* Electronic Order dated June 7, 2023.) However, Risk did file a letter on June 20, 2023 (dated June 17, 2023), stating that he attended a doctor's appointment for long Covid on June 1, 2023—the date of the deposition. (ECF No. 96 at 1.) He further states that this illness has placed him in a "weakened condition," and he must receive weekly oxygen therapy throughout the foreseeable future. (*Id.*; ECF No. 96-1 at 2.) Risk filed another letter on June 26, 2023 (dated June 21, 2023), this time seeking clarification of his chance to respond to ECF Nos. 92 and 93 and alleging that he never received copies of the motions. (ECF No. 97.)

On July 9, 2023, the undersigned granted both of Plaintiff's motions (ECF Nos. 92 and 93). Specifically, the Court granted Plaintiff's motion to compel Risk's attendance at the deposition but denied, without prejudice, the United States' motion to order Risk to show cause as to why he should not be held in contempt for his failure to attend the June 1 deposition and reimburse the United States for various costs and fees. (ECF No. 100.) The Court also made clear that if Risk failed to appear at the next deposition, he would be required to show cause before the Hon. Diane Gujarati why he should not be held in contempt of court. (*Id.*) Discovery was further extended until September 29, 2023. (*Id.* at 10.) Plaintiff's counsel served that Order upon Risk. (ECF No. 101.) Risk subsequently filed an additional letter on July 13, 2023 (dated July 7, 2023) regarding his petition to adjourn the deposition. (ECF No. 102.) However, Judge Gujarati denied his letter request to adjourn in light of the July 9, 2023 Order.

Plaintiff's counsel then filed a notice to take Risk's deposition in Central Islip on August 8, 2023 stating that he is subject to the subpoena and must appear and produce the required

5

documents on this date. (ECF No. 103.) Plaintiff even afforded Risk an opportunity to reschedule the deposition, but Risk never contacted Plaintiff. (ECF No. 105 at 1-2.)

Risk again did not appear for the scheduled August 8 deposition and Plaintiff filed the instant motion for contempt. (ECF No. 105.)[3] Having failed to appear at the scheduled deposition, Plaintiff now requests the Court to order Risk to show cause as to (1) why he should not be held in contempt for failure to comply with a deposition subpoena and the Court's July 9, 2023 order compelling his attendance and (2) why he should not be ordered to pay travel costs and court reporter fees for the deposition. (*Id.* at 1.) The Court afforded Risk an opportunity to file an opposition to Plaintiff's papers by September 1, 2023 but no response has been filed.

It is against this procedural backdrop that the motion is considered.

## **DISCUSSION**

Risk did not comply with the Court's order by not appearing for the rescheduled deposition on August 8, 2023. In fact, on the eve of the deposition, Risk filed a letter dated August 4, 2023, which unequivocally stated, *inter alia,* that he was exercising his "prerogative not to cooperate with [Plaintiff's counsel]." (ECF No. 104.) The Plaintiff's notice of the rescheduled deposition clearly advised Risk that his appearance was required for a deposition at a named date, time, and location in connection with this action. (ECF No. 103.) And affidavits of service demonstrate that Risk was properly served. (*Id.* at 2.) Further, the notice informed Risk that the Court granted Plaintiff's motion to compel his attendance and noted that Risk was still subject to the original subpoena and must appear and produce the requisite documents. (*Id.* at 1.) However, Risk did not comply with or attempt to comply with the subpoena or notice by, for example, contacting Plaintiff's counsel's office to reschedule the deposition, which Plaintiff's

---

[3] On the eve of the deposition, Risk filed a letter (dated August 4, 2023), which stated, *inter alia,* that he was exercising his "prerogative not to cooperate with [Plaintiff's counsel]." (ECF No. 104.)

counsel graciously offered to do. In fact, Risk has blatantly avoided calls from Plaintiff's counsel and hung up the phone when Plaintiff's counsel tried to contact him the night before the deposition. (ECF No. 105 at 2.) Risk only filed a document the day before the deposition outlining his intent not to cooperate with Plaintiff's counsel but could have filed a document beforehand and prior to Plaintiff's accruing costs associated with the deposition. (ECF No. 105 at 2.) Notably, Risk has not sought a motion to quash the subpoena, sought a protective order, or filed a response to Plaintiff's motion for contempt despite being given ample opportunity to do so. Therefore, it is respectfully recommended that, unless Risk demonstrates good cause in writing by a date set by the Hon. Diane Gujarati, the Court should hold Risk in contempt for his failure to comply with the Court's order to appear at his deposition and produce the requested documents.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel. Plaintiff is directed to serve a copy of this Report and Recommendation on David Risk via FedEx Overnight Delivery at his last known address and file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604

(2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
September 11, 2023

**S O  O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge