UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

**ORDER**

19-cv-02456 (DG) (JMW)

      -against-

J. RONALD HOLLAND, aka James R.
Holland,

                Defendant.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

Bradley Sarnell, Esq.
Curtis Clayton Paul, Esq.
**U.S. Department of Justice, Tax Division**
Po Box 55
Washington, DC 20044
*Attorneys for Plaintiff*

David Risk
47 Old Neck Road S.
Center Moriches, New York 11934
*Non-Party, pro se*

**WICKS,** Magistrate Judge:

      Before the Court is non-party David Risk's motion to quash the deposition subpoena served upon him (ECF No. 111). Because his motion is untimely, without basis, and flies in the face of previous directives to appear for his deposition, it is denied for the reasons stated below.

      Plaintiff commenced this action on April 26, 2019 to collect alleged unpaid tax liabilities from Defendant J. Ronald Holland, aka James R. Holland ("Defendant" or "Holland"), who is

1

now deceased.[1] (ECF No. 1.) Holland's former partner and non-party David Risk ("Risk") had been informally appearing on Holland's behalf in various proceedings.[2] Plaintiff moved to substitute Risk in place of decedent Holland (ECF No. 74), which has been denied with leave to renew. (*See* ECF No. 78 (Report & Recommendation) and Electronic Order dated Apr. 10, 2023 (adopting Report & Recommendation)).

Plaintiff moved to reopen discovery (ECF No. 81) and depose Risk on the issues of the relationship between Risk and Holland and whether Holland died intestate or had a will (Electronic Order dated Apr. 30, 2023). Plaintiff was granted leave to alternatively serve the deposition subpoena upon Risk, allowing the United States to post a copy of the subpoena on Risk's residence and mail him copies of the subpoena via first-class and certified mail. (ECF Nos. 83 and 84.) Plaintiff has served Risk accordingly (ECF No. 86) and in turn Risk has sought a 90-day adjournment of the deposition due to his exacerbated symptoms from long covid. (ECF No. 87.) Risk submitted documentation of medical records and receipts showing he was at the doctor's office on the day of the scheduled deposition. (ECF No. 89.) However, Plaintiff emphasized the ambiguity of Risk's medical documentation, which does not clearly indicate whether he could in fact sit for a deposition, what medical services he receives, the symptoms he experiences, and the status of his condition. (ECF No. 98 at 1.)

Risk failed to appear at the deposition as scheduled despite the Plaintiff's attempts to contact him. (ECF No. 90.) Plaintiff subsequently moved to compel Risk's attendance at the deposition and for an extension of time of the discovery deadline. (ECF Nos. 92-93.) Risk was

---

[1] Holland passed away in May 2022 (ECF No. 64).

[2] *See, e.g.*, ECF No. 10 (letter); 26 (status conference); 30 (status conference); 32 (letter); 33 (letter); 39 (letter); 41 (status conference); 47 (letter); 52 (letter); 54 (recusal motion); 57 (motion for extension of time); 60 (conference); 63 (letter); 68 (letter); 70 (hearing conference); and 82 (letter).

served with the motion papers (*see* ECF No. 94) and filed a belated letter to the Court on June 20, 2023 (dated June 17, 2023) stating that his long covid has placed him in a "weakened condition," in which he is exhibiting various symptoms including loss of appetite and reduced vision. (ECF No. 96-1 at 2.) Risk filed another letter on June 26, 2023 seeking clarification of his opportunity to respond to Plaintiff's motions and alleging that he never received copies of them. (ECF No. 97.) On July 9, 2023, the undersigned granted Plaintiff's motion to compel, finding that Plaintiff served the deposition subpoena upon Risk who had ample notice of the deposition and that the information sought in the deposition was relevant. (ECF No. 100 at 4-6.) Further the Court stated that if Risk failed to comply with this Order, he would then be required to demonstrate why he should not be held in contempt. (*Id.* at 9.)

When Risk did not appear at the deposition on August 8, 2023, Plaintiff filed a motion for contempt. (ECF No. 105.) Plaintiff gave Risk the opportunity to reschedule the deposition, but Risk never did. (*Id.* at 1-2.) In fact, on the eve of the deposition, Risk filed a letter dated August 4, 2023, which stated that he was exercising his "prerogative not to cooperate with [Plaintiff's counsel]." (ECF No. 104.) The undersigned recommended that unless Risk demonstrates good cause in writing by a date set by the Hon. Diane Gujarati, the Court should hold Risk in contempt for his failure to comply with the Court's order to appear at his deposition and produce the requested documents. (ECF No. 107.) That Report & Recommendation (ECF No. 107) is *sub judice* before Judge Gujarati.[3]

Now before the Court is Risk's Motion to Quash the Deposition Subpoena (ECF No. 111) which Plaintiff opposes (ECF No. 114). Risk argues that there are three grounds to quash

---

[3] To date, Risk has not filed any objections to the R&R, and Plaintiff's opposition to Risk's motion to quash notes that even the motion to quash itself, if construed as "objections" to the R&R, simply do not raise any objections. (ECF No. 114 at 1.)

the subpoena: (1) his petition for next friend status was denied by the court and therefore he cannot serve as a substitute for Holland; (2) he has provided medical records and a doctor's letter outlining his long covid symptoms; and (3) Plaintiff's counsel has engaged in "illegal tactics" in pursuing this deposition and Risk has not been properly served. (ECF No. 111.) Plaintiff in turn states that Risk's motion is procedurally untimely and frivolous and the Court's Order on the motion to compel supersedes the deposition subpoena. (ECF No. 114.) It therefore asks the Court to deny Risk's motion to quash. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

"[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, No. 08-cv-1469 (FB)(MDG), 2009 U.S. Dist. LEXIS 109387, at *2 (E.D.N.Y. 2009). A non-party recipient to a subpoena may serve objections within 14 days of receipt or "before the earlier of the time specified." Fed.R.Civ.P. 45(d)(2)(B).

Fed. R. Civ P. 45(d)(3)(A) governs quashing or modifying a subpoena. It states that courts must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). As such, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is over-broad, duplicative, or unduly burdensome." *Id*. (citation omitted). The undersigned reviews Risk's motion using this legal framework.

## DISCUSSION

### A. Reasonable Time to Comply

Risk had more than a reasonable time and opportunity to comply with the subpoena. The subpoena was originally served upon Risk on May 5, 2023, May 6, 2023, and May 10, 2023 at his home. (ECF No. 83 at 1.) On May 18, 2023, per the undersigned's Order allowing alternative service of the subpoena, Plaintiff posted a copy of the required documents on Risk's residence; mailed a copy by first-class mail to his residence; and mailed a copy by certified mail return receipt requested. (ECF No. 86.) Risk was also swiftly served Plaintiff's subsequent motions to compel and for contempt based on his failure to appear at either of the scheduled depositions. (ECF Nos. 94 and 106.) Thus, as noted in the undersigned's July 9, 2023 Order, Risk was given ample notice of the scheduled deposition. (ECF No. 100 at 5.)

Risk had until June 1, 2023, the return date set by Plaintiff, to object to the subpoena but he did not. Indeed, Risk wrote a letter to the Court dated May 26, 2023 requesting an adjournment of the deposition but did object to the subpoena itself in any manner. Further,

5

Risk's claim of improper service of the subpoena or any subsequent documents is untenable, especially given the numerous appearances he has already made on Holland's behalf since this case's inception. It is only now that Risk takes issue with the subpoena itself—months after it had already been issued. For these reasons, the Court finds Risk's motion to quash to be untimely. *See Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, No. 09-CV-0121 (SJF) (ARL), 2016 U.S. Dist. LEXIS 69799, at *22 (E.D.N.Y. May 27, 2016) (finding defendant's assertions regarding his response to the subpoena untimely and thus waived because defendant neither failed to properly object to the subpoena nor did he seek an extension of time to object).

### B. Geographical Limits

Risk was asked to appear for the deposition at 610 Federal Plaza Central Islip NY 11722 in New York. (ECF No. 92-1.) This location is approximately 25 miles from his residence. *See* Fed. R. Civ. P. 45(c)(1)(A) (A subpoena may only "command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person."); *see Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 63 (S.D.N.Y. 1998) (stating the 100-mile limitation applies to individuals who would be forced to travel to be deposed). Given the short distance from his home to the site of the deposition, the Court finds that the location of the deposition was within permissible geographic limits.[4]

### C. Relevance and Unduly Burdensome

Finally, the Court addresses whether Risk would be unduly burdened if he is forced to comply with the subpoena. "The Court engages in a balancing test to determine whether undue burden exists, weighing the interests served by demanding compliance with the subpoena against

---

[4] As to the third prong of Federal Rule 45(d)(3)(A), Risk does not argue that the information sought is privileged or protected, nor can he. Plaintiff merely seeks information and documents regarding Risk's relationship with Holland and whether Holland had a will.

6

the interests furthered by quashing it." *Ornrat Keawsri v. Ramen-Ya Inc.*, No. 17-cv-2406 (LJL), 2022 U.S. Dist. LEXIS 1993, at *7-8 (S.D.N.Y. May 5, 2022) (citing 9A Federal Practice and Procedure (Wright & Miller) § 2463.1). In particular, courts look to "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441 (HG) (TAM), 2022 U.S. Dist. LEXIS 231374, at *5 (E.D.N.Y. Oct. 19, 2022).

### i. Relevance

The undersigned has already found that Plaintiff has adequately demonstrated the relevance of the testimony in seeking information about Risk and Holland's relationship and whether Holland had a will to determine whether Risk should be substituted in place of Holland. (ECF No. 107 at 1-2.) Plaintiff's document demands are also narrowly tailored. Specifically, Plaintiff demands the following documents from Risk: (1) All in-force and revoked wills (and any codicils thereto) of J. Ronald Holland; (2) Any Marriage Certificates for you and J. Ronald Holland; (3) J. Ronald Holland's Death Certificate; (4) Any documents and communications sent to, or received from, the Social Security Administration regarding your claims for and receipt of benefits as the spouse of J. Ronald Holland; and (5) All documents showing the real and personal property of J. Ronald Holland at the time of his death and the disposition to that property after his death.[5] (ECF No. 92-2.) Thus, the undersigned finds that both the deposition testimony and documents requested are relevant to the heart of the dispute.

---

[5] A "proper party" for substitution under Rule 25(a)(1) can be one of three categories of a person: 1) a successor of the deceased party - a distribute of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, 2) a representative of the deceased party - a person lawfully designated by state authority to represent the deceased's estate, or 3) the primary beneficiary of an unprobated intestate estate which need not be probated. *See Tankleff v. Cnty. of Suffolk*, No. 09-CV-

7

### ii. Need for the Documents and Testimony

Risk argues that he will never be considered a substitute for Holland. However, the very information that Plaintiff seeks in the deposition subpoena is that which is needed to determine whether he could be a substitute for the decedent.

It is evident that the documents sought would likely be located in Holland's and Risk's own residence in Center Moriches, New York. For Risk to now claim that he would not be considered a substitute for Holland is an about-face from his prior positions. Indeed, on September 20, 2022, Risk indicated to the Court that he is a representative of Holland's estate by virtue of a will and agreed to confer with Plaintiff's counsel to discuss the substitution of a proper party. (ECF No. 70.) Therefore, if anyone is to have the pertinent information related to substitution of Holland, it is likely to be Risk.

If Plaintiff is unable to depose Risk or obtain the subpoenaed documents, Plaintiff will likely have to locate the documents from the appropriate agencies such as the Social Security Administration. Going through these various channels would further delay and protract the case unnecessarily. Because this information sought would be vital in determining whether Risk could be substituted for Holland and facilitate discovery, the Court finds that Plaintiff has established a need for the testimony and documents potentially in Risk's possession.

### iii. Breadth of the Subpoena and Burden Imposed

The information sought does not appear to be overbroad—nor does Risk claim that it is. Instead, the enumerated documents in the subpoena are limited in scope to uncovering whether Risk can in fact be substituted as a party for this case. Though there is no time limit described in these requests, retrieving the documents or otherwise testifying about these communications will

---

1207 (JS) (AYS), 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012).

not be burdensome. For instance, there will likely be *one* marriage certificate and *one* death certificate to produce, which already satisfies Plaintiff's second and third document requests.

In addition, notably absent from Risk's motion is *any* indication that the documents to be produced in the subpoena would entail a significant undertaking or would be costly. In other words, Risk "has not provided any specific details as the number of documents that would need to be produced, the scope of the production, or any other information to establish that the production would be unduly burdensome." *See Fossil Grp., Inc.*, 2022 U.S. Dist. LEXIS 231374 at *11 (finding only a light burden where subpoenaed party stated that there is only a mere "handful" of relevant documents).

Finally, as for the deposition itself, Risk emphasizes the severity of his long covid symptoms but fails to adequately state how that prevents him from sitting for a deposition. Further, if Risk is unable to travel to Central Islip for the deposition as he contends in his motion (ECF No. 111), then he could have requested that the deposition be performed virtually but, to date, he has not done so. Instead, he has disregarded Court orders and blatantly evaded communications from Plaintiff's counsel about this case.

For these reasons, the Court finds that the Plaintiff's request that Risk attend the deposition and produce the documents is not unduly burdensome. Risk's gamesmanship and near acrobatic attempts to avoid the deposition must now come to an end.

## CONCLUSION

Accordingly, Risk's Motion to Quash the Subpoena (ECF No. 111) is denied. Plaintiff's counsel is directed to serve a copy on David Risk and file proof of service on ECF.

Dated: Central Islip, New York
       October 6, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

10